IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. G. TURNER,

      Plaintiff,                    No. 2:13-cv-905-EFB P

    vs.

WOODLAND CITY POLICE, et al.,

                                    ORDER

      Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Turner v. United States of America*, 2:08-cv-2087, ECF No. 23 (Dec. 7, 2010 Order dismissing action for failure to state a claim); (2) *Turner v. Gibson*, No. 1:11-cv-1395, ECF No. 25 (Apr. 13, 2012 Order dismissing action for failure to state a claim); (3) *Turner v. Thomas*, No. 2:10-cv-2369, ECF No. 19 (July 9, 2012 Order dismissing action for failure to state a claim and failure to prosecute); and (4) *Turner v. Hubbard*, No. 1:11-cv-1670, ECF No. 15 (Nov. 21, 2012 Order dismissing action for failure to state a claim and failure to obey a court order).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Here, plaintiff does not plausibly allege that he was under imminent threat of serious physical injury when he filed the complaint. Plaintiff complains of various discrete acts beginning in 2009. *See, e.g.,* ECF No. 1 ¶ 1 (racial discrimination), ¶ 12 (denial of right to fair trial), ¶ 35 (denial of medical care), ¶ 37 (illegal sentence), ¶ 41 (filthy living conditions), ¶ 52, 53 (sexual harassment and equal protection violation)). He also complains of alleged instances of excessive force in 2009 by Yolo County Police and retaliatory attacks in the Yolo County Jail. Plaintiff complains of further retaliation and excessive force in 2010 at Deuel Vocational Institute, in 2010 at Pelican Bay State Prison, and in 2011 and 2012 at Corcoran State Prison. When plaintiff filed his complaint on May 8, 2013, he was housed at Salinas Valley State Prison. ECF No. 1. Plaintiff does not allege that he faces an ongoing danger of excessive uses of force

at Salinas Valley. Nor is there any apparent basis for finding that the allegedly retaliatory acts taken against plaintiff will continue at Salinas Valley. As for conditions at Salinas Valley, plaintiff alleges that a court declared him incompetent, placed him in a hospital, and that he is subject to a *Keyhea* order, requiring that he be forcibly medicated.[1]  *Id.* ¶ 88. Plaintiff claims that this exposes him to irreparable harm. *Id.* ¶ 95. But given plaintiff's allegation that there is a *Keyhea* order in place, which authorizes prison officials to forcibly medicate plaintiff, the court cannot find it plausible that the *Keyhea* procedures place him at risk of imminent physical injury. *See Washington v. Harper*, 494 U.S. 210, 227 (1990) (allowing states "to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"). Thus, the imminent danger exception does not apply. Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed in forma pauperis is denied and this action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(g).

Dated: August 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Keyhea*, the court upheld a consent decree affirming the right of state prisoners to refuse psychotropic medications absent a judicial determination that a prisoner is incompetent to refuse such medication. *See Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986); *In re Qawi*, 32 Cal.4th 1, 21 (2004) (explaining that *Keyhea* procedures now codified in Cal. Pen. Code § 2600).